**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JENNIFER E. DeBACKER,**

    **Plaintiff,**

**v.          //    CIVIL ACTION NO. 1:12CV9
                        (Judge Keeley)**

**FEDERAL BUREAU OF INVESTIGATION,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 11, 2012, the pro se plaintiff, Jennifer E. DeBacker ("DeBacker"), filed a complaint that, while unclear, appears to contain allegations of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794(c). The Court referred this matter to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B) and L.R. Civ. P. 72.01(d)(6). The magistrate judge granted DeBacker leave to proceed in forma pauperis on February 15, 2012. (Dkt. No. 8).

On April 23, 2012, the defendant, the Federal Bureau of Investigation ("FBI"), filed a Motion to Dismiss or for Summary Judgment. (Dkt. No. 14). The Court issued a Roseboro notice to DeBacker three days later (dkt. no. 18), and on May 21, 2012, she filed a one-page response in opposition to the FBI's motion. (Dkt. No. 21). The FBI filed its reply on June 4, 2012. (Dkt. No. 22).

**DeBACKER v. FEDERAL BUREAU OF INVESTIGATION**  1:12CV9

## ORDER ADOPTING REPORT AND RECOMMENDATION

Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") on October 26, 2012, in which he recommended that the defendants' motion to dismiss be granted and the plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction. (Dkt. No. 28). Specifically, as detailed below, Magistrate Judge Kaull determined that Debacker had failed to administratively exhaust her claims prior to filing suit in this Court. See Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) ("failure by [a] plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim").

Pursuant to 29 C.F.R. § 1614.407, if a complainant elects to file an administrative appeal with the U.S. Equal Employment Opportunity Commission ("EEOC")'s Office of Federal Operations ("OFO"), she may file a civil action in federal court (1) "[w]ithin 90 days of receipt of the [OFO's] final decision on an appeal"; or (2) "[a]fter 180 days from the date of filing an appeal with the [OFO] if there has been no final decision by the [OFO]." 29 C.F.R. § 1614.407(c), (d). Here, Magistrate Judge Kaull found that Debacker filed an appeal with the OFO on August 22, 2011. After waiting only 142 days, and without receiving a decision on her administrative appeal, she filed this civil action on January 11,

2012. The magistrate judge therefore concluded that her claims are premature and must be dismissed.

The R&R also specifically warned DeBacker that her failure to file written objections to the recommendation, which identified specific portions of the R&R to which she objected and stated the basis for such objections, would result in the waiver of any appellate rights she might otherwise have on these issues. DeBacker filed a one-page response to the R&R on November 7, 2012, arguing generally that her "main issue is to get my gun back and my gun rights back" and contending that she "would like the [C]ourt not to dismiss [her] case but rather rule in [her] favor." (Dkt. No. 30).

The Court reviews <u>de novo</u> any portions of a magistrate judge's R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. <u>Solis v. Malkani</u>, 638 F.3d 269, 274 (4th Cir. 2011) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983)). In the absence of a timely objection, the Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). The failure to file specific objections to the magistrate judge's recommendations waives any appellate review of the factual and legal issues presented. <u>Page v.

Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); see also Thomas v. Arn, 474 U.S. 140, 150 (1985).

DeBacker's letter-form response makes no mention of the R&R. To the extent that it can be construed as an objection at all, it is, at most, a "general and conclusory" objection to the entire report. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Indeed, the only substantive argument the Court can pick out from DeBacker's filing is her contention that she "filed [her] case according to who and when the EEO case person told me to." (Dkt. No. 30). This unsupported and conclusory statement, however, is directly contradicted by the materials the FBI submitted with its motion to dismiss. See (Dkt. Nos. 15-1 - 15-11). It therefore cannot sustain her claims, and the remainder of her arguments fail to "object to the finding[s] or recommendation[s]" of the R&R "with sufficient specificity so as to reasonably alert [the Court] of the true ground for the objection." United States v. Midgett, 478 F.3d 616, 622 (4th Cir 2007).

Here, there is no dispute that DeBacker, after being duly advised of her rights, appealed the Final Agency Decision ("FAD") of the Department of Justice ("DOJ") to the OFO on August 22, 2011. (Dkt. No. 15-9). On January 11, 2012, only 142 days after she filed the appeal and without a decision by the OFO, DeBacker filed her

complaint in this Court. (Dkt. No. 1).[1] The Court therefore agrees with the magistrate judge that DeBacker failed to file suit (1) "[w]ithin 90 days of receipt of the [OFO's] final decision on an appeal"; or (2) "[a]fter 180 days from the date of filing an appeal with the [OFO] if there has been no final decision by the [OFO]" as required by 29 C.F.R. § 1614.407(c)-(d), depriving this Court of subject matter jurisdiction over her claim. See Jones, 551 F.3d at 300; see also Cavalier Tel., LLC v. Va. Elec. & Power Co., 303 F.3d 316, 322 (4th Cir. 2002) ("Until administrative recourse is exhausted, suit is premature and must be dismissed." (citation omitted)); Avery v. Astrue, No. WDQ–11–2612, 2012 WL 1554646, at *3 (D. Md. April 27, 2012) ("Because [the plaintiff] did not wait 180 days or for a decision on his appeal, the Court must dismiss this action for lack of subject matter jurisdiction."); Fleming v. Potter, No. 2:04cv444, 2005 WL 1185806, at *5 (E.D. Va. May 17, 2005) (same).[2]

---

[1] Notably, the filing of this civil action, by operation of administrative regulation, "terminate[d] Commission processing of the appeal." 29 C.F.R. § 1614.409; see also Smith v. Potter, 445 F.3d 1000, 1004 (7th Cir. 2006) ("Beginning on [the date the civil action was filed] the EEOC lacked authority over [the plaintiff's] appeal and was barred from deciding or otherwise adjudicating the appeal.").

[2] Even if the DOJ's issuance of the FAD on July 13, 2011, could be considered a "final decision" of the Commissioner despite DeBacker's appeal to the OFO, see, e.g., Bullock v. Berrien, 688 F.3d 613 (9th Cir. 2012), she filed the instant suit well over 90 days after receiving notice of that action. 29 C.F.R. § 1614.407(a). This 90-day time period has been strictly construed and, absent waiver, estoppel, or equitable tolling - none of which are demonstrated here - a lawsuit filed in excess of the 90-day period will be dismissed. Panyanouvong v. Vienna Wolftrap

Accordingly, for the reasons discussed, the Court:

1. **ADOPTS** the R&R in its entirety (dkt. no. 28);
2. **GRANTS** the defendant's motion to dismiss (dkt. no. 14); and
3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** to the plaintiff's right to refile.

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: March 19, 2013.

/s/ Irene M. Keeley

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

Hotel, 525 F.Supp.2d 793, 796 (E.D. Va. 2007) (citations omitted).